**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Constance Jesmer, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   14 C 264 |
| | ) | |
| West Asset Management, Inc., a | ) | |
| Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Constance Jesmer, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) part of the acts and transactions occurred here and, b) Defendant resides and transacts business here.

**PARTIES**

3.     Plaintiff, Constance Jesmer ("Jesmer"), is a citizen of the State of Idaho, from whom Defendant attempted to collect delinquent consumer debts that she allegedly owed for medical services, despite the fact that she had exercised her right to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Consumers in Debt program ("LACD"), located in Chicago, Illinois.

4.      Defendant, West Asset Management, Inc. ("West"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  West operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant West was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant West is authorized to conduct business in Illinois, and maintains a registered agent here, <u>see</u>, record from the Illinois Secretary of State, attached as Exhibit <u>A</u>.  In fact, West conducts business in Illinois.

6.      Moreover, Defendant West is licensed as a collection agency in Illinois, <u>see</u>, record from the Illinois Division of Professional Regulation, attached as Exhibit <u>B</u>. In fact, West acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7.      Due to an illness, Ms. Jesmer fell behind on paying her bills, including ones she allegedly owed for various medical services.  At some point in time after those debts became delinquent, Defendant West began trying to collect these debts from her by sending her collection letters, dated November 11, 2013.  Copies of Defendant's letters are attached as Group Exhibit <u>C</u>.

8.      Accordingly, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding her financial difficulties and Defendant's collection actions.  On December 3, 2013, one of Ms. Jesmer' attorneys at

LACD informed Defendant, in writing, that Ms. Jesmer was represented by counsel, and directed West to cease contacting her, and to direct all further collection activities to her attorneys at LACD, because Ms. Jesmer was forced, by her financial circumstances, to try and negotiate a payment plan as to her medical debts.  Copies of these letters and fax confirmations are attached as Group Exhibit D.

9.      Nonetheless, on or about December 12, 2013, one of Defendant West's debt collectors, "Vernon Grady", called Ms. Jesmer to demand payment of the debts at issue.

10.     Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

11.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT II**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications**

12.     Plaintiff adopts and realleges ¶¶ 1-11.

13.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications.  See, 15 U.S.C. § 1692c(c).

14.     Here, the letters from Ms. Jesmer's attorney/agent, LACD, told Defendant to cease communications with Ms. Jesmer (Group Exhibit D).  By continuing to communicate with Ms. Jesmer regarding the debts, Defendant violated § 1692c(c) of the FDCPA.

3

15. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. <u>See</u>, 15 U.S.C. § 1692c(a)(2).

18. Defendant West knew that Ms. Jesmer was represented by counsel in connection with her debts because her attorneys at LACD had informed Defendant, in writing (Group Exhibit <u>D</u>), that she was represented by counsel, and had directed Defendant to cease directly communicating with her. By directly calling Ms. Jesmer, despite being advised that she was represented by counsel, Defendant West violated § 1692c(a)(2) of the FDCPA.

19. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C.§1692k.

## PRAYER FOR RELIEF

Plaintiff, Constance Jesmer, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Jesmer, and against Defendant, for

4

actual and statutory damages, costs, and reasonable attorneys' fees as provided by §

1692k(a) of the FDCPA; and,

3.       Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Constance Jesmer, demands trial by jury.

Constance Jesmer,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  January 14, 2014

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com